IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1667 |
| ) | |
| SMITH BARNEY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM and ORDER

Gary L. Lancaster,　　　　　　　　　　　　June 23, 2008
District Judge.

This is an action to enforce an administrative summons issued by the Internal Revenue Service. The IRS asks this court to summarily judicially enforce the terms of a summons issued to Smith Barney. In the alternative, to the extent the court finds that a genuine issue of material fact exists, the IRS requests an evidentiary hearing [doc. no. 15]. We deny both requests.

On March 23, 2007, the IRS issued a summons to "SMITHBARNEY Citigroup." This summons directed Smith Barney to appear before the IRS on May 2, 2007 to give testimony and to produce documents regarding the assets of Marianne Sufrin. Of particular importance to the pending dispute is a specific request for "[a]ll original Letters of Authorization to Transfer Assets...directing any and all transfers during July and August of 2003 from [six specifically identified] accounts of Marianne Sufrin." The IRS is investigating the accuracy of Ms. Sufrin's estate tax return because Ms. Sufrin transferred significant

assets out of her personal accounts just days before her death. Smith Barney appeared on May 2nd, produced documents regarding Ms. Sufrin's accounts, and gave testimony through its employee, Barry Numerick.

Smith Barney and the IRS continued to communicate following this May 2, 2007 appearance because the IRS contended that Smith Barney failed to produce, and/or refused to allow the IRS to take possession of and test, original versions of all relevant documents. Attempts to reach an amicable resolution to the dispute failed, and the IRS filed this action on December 6, 2007 to enforce the March 23, 2007 summons against Smith Barney.[1] Since that time, Smith Barney has allowed the IRS to test the originals of all requested documents that it has been able to locate. Smith Barney has also provided further testimony to the IRS, and this court, via affidavit, detailing its efforts to locate the originals of documents requested by the IRS.

---

[1] Although not seeking enforcement thereof, the IRS attached documentation to its complaint regarding a subpoena issued on that same date to Barry Numerick. However, Mr. Numerick is not a party to this action and the IRS seeks no relief against him. Moreover, documents submitted by Smith Barney in this matter indicate that it issued a second subpoena to Smith Barney, dated July 19, 2007, seeking originals of certain specifically identified documents already produced by Smith Barney as copies in response to the March 23rd summons. See Aug. 3, 2007 letter to Spec. Agent Galson from Stanley Yorsz. However, again, the IRS has not sought enforcement of that second summons. We consider only the facts and circumstances surrounding the March 23, 2007 summons issued to Smith Barney, which is the only summons the IRS sought to enforce in its complaint.

Nevertheless, the IRS seeks summary enforcement of the March 23, 2007 summons on the ground that the court should infer that Smith Barney has continuing possession of the missing originals because they (Smith Barney) cannot prove that they were either destroyed or transferred.

The standard for judicial enforcement of an IRS summons is well established and not disputed here. To obtain enforcement of a summons, the IRS must show: (1) that its investigation is conducted pursuant to a legitimate purpose; (2) that the summons, and the information it seeks, is relevant to that purpose; (3) that the information sought is not already within the IRS's possession; and (4) that the required administrative steps have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). A lack of possession of summoned documents is a valid defense to an IRS application for an enforcement order. United States v. Rylander, 460 U.S. 752, 757 (1983). In fact, an enforcement order constitutes an adjudication that the respondent possesses and is able to produce the summoned documents, and subjects him to civil contempt proceedings in the event he does not produce the documents thereafter. United States v. Barth, 745 F.2d 184, 187 (2d Cir. 1984).

Although the IRS has satisfied the Powell factors, we find that judicial enforcement of the summons is not warranted under the circumstances of this case. As an initial matter, we find

that a further evidentiary hearing is not necessary as there are no genuine issues of material fact in dispute. United States v. Garden State Nat'l Bank, 607 F.2d 61, 71 (3d Cir. 1979). We refuse to enforce the summons because we cannot grant the IRS the relief it has requested, and because we find that Smith Barney does not presently possess the requested documents.

In its complaint, the IRS asks that we order Smith Barney to "obey the summons" issued on March 23, 2007, and appear for testimony and produce the requested documents. Smith Barney has already obeyed the March 23, 2007 summons. It sent a representative to testify before the IRS on May 2, 2007. It produced documents on that same date. In response to allegations that Smith Barney had failed to fully comply with the summons, Smith Barney produced original documents for testing, and provided the IRS with additional testimony, via affidavit. The fact that the March 23, 2007 summons may not have borne all the fruit the IRS was hoping for does not mean that Smith Barney has failed to comply with the summons. No order of this court could give the IRS any more compliance with the March 23, 2007 summons than it has already received.

Moreover, we find that Smith Barney does not presently possess the requested documents. Smith Barney has provided

4

affidavit testimony establishing where the documents would be kept in the ordinary course of business, attesting to the fact that the relevant files have been searched, twice, and stating that the originals were not located. The IRS has not refuted, or even questioned, that evidence, but rather argues that we should infer that Smith Barney possesses the documents because Smith Barney cannot establish when and where the originals were destroyed or transferred. If Smith Barney had that information, it would surely have provided it to the IRS by now. Under the circumstances, it does not follow from the fact that Smith Barney cannot locate the original documents that Smith Barney is withholding them and should be subject to the sanction of judicial enforcement of the summons, and thereafter civil contempt for failing to produce the documents, which they have established to the satisfaction of the court, they do not possess.

The IRS's continued insistence that Smith Barney produce documents that Smith Barney has established it does not have, and its repeated involvement of this court in its futile and abusive efforts, will not be condoned with an order of enforcement from this court. United States v. Heritage Bank, 607 F.2d 61, 68-69 (3d Cir. 1979), citing United States v. LaSalle Nat'l Bank, 437 U.S. 298 (1978) (where IRS action abuses judicial process, enforcement of summons is not warranted); Pickel v. United

States, 746 F.2d 176, 185 (3d Cir. 1984) (where IRS summons used to harass, enforcement of summons is not warranted).

BY THE COURT,

_____ J.

cc: All counsel of record